THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANONYMOUS, Defendant.

County Court, Columbia County, December 9, 1953.

*John N. McLaren, District Attorney,* for plaintiff.

*Michael Le Sawyer* for defendant.

CONNOR, J. The defendant is charged with the crime of burglary third degree, allegedly committed in the County of Columbia on the 1st day of July, 1952. On the 1st day of August, 1952, one month after the alleged crime in Columbia County, but over a year prior to his being indicted by the Grand Jury of Columbia County, he was convicted in the State of Massachusetts of the crime of breaking and entering. The question before this court is the interpretation of section 913-e of the Code of Criminal Procedure, which apparently has never been interpreted. That section provides as follows: '' For the purpose of this title, the term ' youth ' shall mean a minor who has reached the age of sixteen years or over but has not reached the age of nineteen years; and the term ' youthful offender ' shall mean a youth who has committed a crime not punishable by death or life imprisonment, who has not previously been convicted of a felony, and who is adjudged a youthful offender pursuant to the provisions of the following sections.''

While the defendant at this time has been convicted of a felony in the State of Massachusetts, a State which apparently has not adopted the youthful offenders' statute, he, nevertheless, at the time that he is alleged to have committed this crime in the county of Columbia, had not previously been convicted of a felony.

I hold that the term '' previously been convicted of a felony '' applies to the time of the commission of the crime, for which the youth seeks the benefit of the Youthful Offenders' Act, and not as to his status at the time of apprehension or indictment for the crime.

This is the same reasoning as has been applied by the courts to the interpretation of the statutes dealing with second, third and fourth offenders. (See *People* v. *Plath,* 71 N. Y. S. 2d 667.)